UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DELAINO GARLAND,** | ) | CASE NO. 4:16 CV 1137 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | <u>OPINION AND ORDER</u> |
| **FCI ELKTON WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

**<u>CHRISTOPHER A. BOYKO, J.</u>:**

*Pro se* Petitioner Delaino Garland filed an action in the United States District Court for the Northern District of Texas on May 10, 2016. He claimed the Bureau of Prisons had not given him credit for pretrial detention, and did not properly calculate his good conduct time. Although he requested an award of damages, the Northern District of Texas construed his pleading as both a civil rights action and a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. The Texas District Court retained the civil rights action and transferred the Habeas Petition to this Court on May 12, 2015.

## I. BACKGROUND

An Information was filed against Petitioner in the United States District Court for the Southern District of Ohio on July 17, 2012. *See United States v. Garland*, No. 2:12 cr 144 (S.D. Ohio information filed July 17, 2012). That same day, Petitioner entered into a plea agreement

with the government in which he agreed to plead guilty to one count of Conspiracy to Distribute a Controlled Substance. The Court conducted an arraignment and bond hearing on August 8, 2012. The entry from that hearing indicates "bond continued." *Id.* (ECF No. 7). The Court sentenced Petitioner to 120 months incarceration on December 7, 2012. In light of the Supreme Court of the United States opinion in *Johnson v. United States*, ––– U.S. –––, 135 S. Ct. 2551 (2015), the Court reduced his sentence to 75 months.

Petitioner contends that the BOP is miscalculating the time he is required to serve. He provides little information about the BOP's calculations. He claims he is required to serve only 85% of his sentence; however, the BOP's calculations require him to serve 87% of his sentence. In addition, he claims he spent 22 months under pretrial supervision, but the BOP did not give him credit for this time. He does not clarify whether he was incarcerated at any time between the time of his arrest and the time he reported to the federal correctional institution to begin serving his sentence. The Southern District of Ohio's docket suggests he may have been released on bond during this period.

## II. LAW AND ANALYSIS

**Standard of Review**

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor and his

pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

**Discussion**

Once a Defendant is sentenced in Federal Court, the Attorney General, through the Bureau of Prisons ("BOP"), is responsible for administering the sentence. *See* 18 U.S.C. § 3621(a). To compute a federal sentence, the BOP must first determine the commencement date of the federal sentence. By statute, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). A federal sentence does not commence until a prisoner is actually received into federal custody solely for that purpose. *Gonzalez v. Rushing*, 4:12 CV1274, 2012 WL 2127728 (N.D. Ohio June 11, 2012).

Thereafter, the BOP must apply any jail-time credit to which the offender may be entitled under 18 U.S.C. § 3585(b). Specifically, 18 U.S.C. §3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was
> arrested after the commission of the offense for which the
> sentence was imposed; that has not been credited against another
> sentence.

Petitioner first appears to assert the BOP did not properly credit him with 22 months spent under pretrial supervision. He does not clarify, however, how long he was in jail for these charges prior to reporting to prison. The Southern District of Ohio's docket suggests Petitioner may have been free on bond. Although release on bond may carry some restrictions, jail time credit only applies to time actually spent in jail or a detention facility. 18 U.S.C. §3585(b). Furthermore, Petitioner does not clarify how he is calculating 22 months of pretrial supervision. Based on the docket in his criminal case, he entered into a plea deal on July 17, 2012, the day the Information was filed against him and was sentenced just under five months later on December 7, 2012. Petitioner does not indicate when he reported to prison. Even if he were incarcerated for the entire period from the day the Information was filed until he reported to prison, he does not suggest how he is entitled to almost two years of jail time credit.

Petitioner also appears to be asserting that the BOP is miscalculating his good conduct time (GCT), which results in him serving 87% of his sentence rather than 85% of his sentence. Congress provided GCT for prisoners under 18 U.S.C. § 3624(b) as follows:

> (1) ... [A] prisoner who is serving a term of imprisonment of more
> than 1 year ... may receive credit toward the service of the
> prisoner's sentence, beyond the time served, of up to 54 days at
> the end of each year of the prisoner's term of imprisonment,
> beginning at the end of the first year of the term, subject to
> determination by the Bureau of Prisons that, during that year, the
> prisoner has displayed exemplary compliance with institutional
> disciplinary regulations.... [I]f the Bureau determines that, during
> that year, the prisoner has not satisfactorily complied with such
> institutional regulations, the prisoner shall receive no such credit

> toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. Credit that has not been earned may not later be granted.... [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. §§ 3624(b).

Petitioner seems to read the statute as applying the GCT credit to the sentence as imposed by the sentencing Court, entitling him to the length of his sentence in years, multiplied by 54 days. The BOP, however, has interpreted the same statutory language to mean "the time actually served," and under the BOP's interpretation, a prisoner's award is less annually because an inmate will not actually serve his full sentence in any year if he earns GCT for that year. That interpretation is reflected in 28 C.F.R. § 523.20. The regulation provides for the § 3624(b) award, as follows:

> [A]n inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

28 C.F.R. § 523.20. The Supreme Court of the United States found the BOP's method of calculating GCT to be lawful. *See Barber v. Thomas*, 560 U.S. 474, 480 (2010)("The statute's language and its purpose, taken together, convince us that the BOP's calculation method is lawful."). Therefore, to the extent Petitioner is challenging the BOP's method of calculating good conduct time credit, his claim is without merit.

Finally, Petitioner did not exhaust his administrative remedies as required before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981). *See also Watts v. Bogan*, 1995 WL 108993, *1 (6th Cir. March 14, 1995). The BOP

administrative remedies available to a federal prisoner who seeks to file a 28 U.S.C. § 2241 Petition are set out in 28 C.F.R. §§ 542.10 to 542.19.  An inmate must first present an issue of concern informally to the staff and the staff must attempt to informally solve the issue before the inmate submits a Request for Administrative Remedy to the Warden.  28 C.F.R. § 542.13(a).  If an inmate is not satisfied with the Warden's response to his request, he may submit an appeal to the appropriate Regional Director.  28 C.F.R. § 542.15(a).  A further appeal of the Regional Director's decision may be submitted to the General Counsel.  *Id*.  Appeal to the General Counsel is the final administrative appeal.  *Id*.  Petitioner indicates he exhausted his administrative remedies by sending letters to the United States Attorney General, the United States BOP Designation and Computation Center, and the United States Marshal Service.  These are not the remedies set forth in 28 C.F.R. §§ 542.10 to 542.19.  Petitioner has not exhausted his administrative remedies and cannot proceed with a Petition under 28 U.S.C. § 2241.

### III. CONCLUSION

Accordingly, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243.  Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

> s/ Christopher A. Boyko
> CHRISTOPHER A. BOYKO
> UNITED STATES DISTRICT JUDGE

DATED:  July 7, 2016